The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER BILLING, M.D.; and TRANSFORM
WEIGHT LOSS LLC,

               Petitioner,

v.

PREMERA BLUE CROSS,

               Respondent.

CASE NO. 2:25-cv-00442-JNW

**MODEL STIPULATED PROTECTIVE ORDER**

**Note on Motion Calendar:
March 24, 2025**

## STIPULATION

1.    PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

MODEL STIPULATED PROTECTIVE ORDER – 1
CASE NO. 2:25-CV-00442-JNW

2.      "CONFIDENTIAL" MATERIAL

      "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged by parties and nonparties in the above-captioned litigation:

- "Confidential Health Information," including any information relating to any individual receiving healthcare discovered or exchanged in this matter that identifies an individual in any matter and/or relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual, the provision of healthcare to such individual, or the past, present, or future payment for the provision of healthcare to such individual.

  o The term "Confidential Health Information" specifically includes Protected Health Information ("PHI"), as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to HIPAA. *See* 45 C.F.R. § 160.103 (defining "individually identifiable health information" and "protected health information").

  o "Confidential Health Information" also includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from, Confidential Health Information.

  o "Confidential Health Information" includes the following identifiers of the individual or subscriber or of the relatives, employers, or household members of the individual or subscriber:
    
    ▪ Names;

MODEL STIPULATED PROTECTIVE ORDER – 2
CASE NO. 2:25-CV-00442-JNW

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

- All geographic subdivisions smaller than a State, including street address, city, county, precinct, zip code, and their equivalent area codes, except for the initial three digits of a zip code if, according to the current publicly available data from the Bureau of the Census, (i) the geographic unit formed by combining all zip codes with the same three initial digits contains more than 20,000 people, and (ii) the initial three digits of a zip code for all such geographic units containing 20,000 or fewer people is changed to 000;

- All elements of dates (except year) for dates directly related to an individual, including birth date, admission dates, discharge dates and date of death, and all ages over 89, and all elements of dates (including year) indicative of such age, except that such ages and elements may be aggregated into a single category of age 90 or older;

- Telephone numbers;

- Fax numbers;

- Electronic mail addresses;

- Social security numbers;

- Medical record numbers;

- Health plan beneficiary numbers;

- Account numbers;

- Certificate/license numbers;

- Vehicle identifiers and serial numbers, including license plate numbers;

- Device identifiers and serial numbers;

- Web universal resource locators ("URLs");

- Internet protocol ("IP") address numbers;

MODEL STIPULATED PROTECTIVE ORDER – 3
CASE NO. 2:25-CV-00442-JNW

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

- ▪ Biometric identifiers, including finger and voice prints;

- ▪ Full face photographic images and any comparable images, and:

- ▪ Any other unique identifying number, characteristic, or code except as permitted for a code utilized to re-identify de-identified data that complies with 45 C.F.R. § 164.514(c).

- • Documents containing personal, financial, medical, proprietary or other information subject to a right of privacy;

- • Any information that the producing party is obligated by contract or state or federal law to keep confidential;

- • Any information the producing party's business competitors could use to obtain a business, strategic, or legal advantage over the producing party; and

- • Any other documents or information that should otherwise be subject to confidential treatment pursuant to the Federal Rules of Civil Procedure.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material

MODEL STIPULATED PROTECTIVE ORDER – 4
CASE NO. 2:25-CV-00442-JNW

1  must be stored and maintained by a receiving party at a location and in a secure manner that ensures

2  that access is limited to the persons authorized under this agreement.

3      4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

4  by the court or permitted in writing by the designating party, a receiving party may disclose any

5  confidential material only to:

6          (a)    the receiving party's counsel of record in this action, as well as employees

7  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

8          (b)    the officers, directors, and employees (including in house counsel) of the

9  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10  agree that a particular document or material produced is for Attorney's Eyes Only and is so

11  designated;

12          (c)    experts and consultants to whom disclosure is reasonably necessary for this

13  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14          (d)    the court, court personnel, and court reporters and their staff;

15          (e)    copy or imaging services retained by counsel to assist in the duplication of

16  confidential material, provided that counsel for the party retaining the copy or imaging service

17  instructs the service not to disclose any confidential material to third parties and to immediately

18  return all originals and copies of any confidential material;

19          (f)    during their depositions, witnesses in the action to whom disclosure is

20  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

22  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

23  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

24  under this agreement;

25          (g)    the author or recipient of a document containing the information or a

26

MODEL STIPULATED PROTECTIVE ORDER – 5
CASE NO. 2:25-CV-00442-JNW

1  custodian or other person who otherwise possessed or knew the information.

2       4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

3  referencing such material in court filings, the filing party shall confer with the designating party,

4  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

5  remove the confidential designation, whether the document can be redacted, or whether a motion

6  to seal or stipulation and proposed order is warranted. During the meet and confer process, the

7  designating party must identify the basis for sealing the specific confidential information at issue,

8  and the filing party shall include this basis in its motion to seal, along with any objection to sealing

9  the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

10 the standards that will be applied when a party seeks permission from the court to file material

11 under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

12 requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

13 Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

14 the strong presumption of public access to the Court's files.

15 5.    <u>DESIGNATING PROTECTED MATERIAL</u>

16      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

17 or non-party that designates information or items for protection under this agreement must take

18 care to limit any such designation to specific material that qualifies under the appropriate

19 standards. The designating party must designate for protection only those parts of material,

20 documents, items, or oral or written communications that qualify, so that other portions of the

21 material, documents, items, or communications for which protection is not warranted are not swept

22 unjustifiably within the ambit of this agreement.

23      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

24 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

25 unnecessarily encumber or delay the case development process or to impose unnecessary expenses

26

MODEL STIPULATED PROTECTIVE ORDER – 6
CASE NO. 2:25-CV-00442-JNW

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1    and burdens on other parties) expose the designating party to sanctions.

2        If it comes to a designating party's attention that information or items that it designated for

3    protection do not qualify for protection, the designating party must promptly notify all other parties

4    that it is withdrawing the mistaken designation.

5        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

6    agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or

7    ordered, disclosure or discovery material that qualifies for protection under this agreement must

8    be clearly so designated before or when the material is disclosed or produced.

9            (a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and

10   deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

11   the designating party must affix the word "CONFIDENTIAL" to each page that contains

12   confidential material. If only a portion or portions of the material on a page qualifies for protection,

13   the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

14   markings in the margins).

15           (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

16   and any participating non-parties must identify on the record, during the deposition or other pretrial

17   proceeding, all protected testimony, without prejudice to their right to so designate other testimony

18   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

19   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

20   exhibits thereto, as confidential. If a party or non-party desires to protect confidential information

21   at trial, the issue should be addressed during the pre-trial conference.

22           (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place

23   on the exterior of the container or containers in which the information or item is stored the word

24   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

25   the producing party, to the extent practicable, shall identify the protected portion(s).

26

MODEL STIPULATED PROTECTIVE ORDER – 7
CASE NO. 2:25-CV-00442-JNW

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1    the material in question as confidential until the court rules on the challenge.

2    7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

3    LITIGATION

4        If a party is served with a subpoena or a court order issued in other litigation that compels

5    disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

6    must:

7        (a)    promptly notify the designating party in writing and include a copy of the

8    subpoena or court order;

9        (b)    promptly notify in writing the party who caused the subpoena or order to

10   issue in the other litigation that some or all of the material covered by the subpoena or order is

11   subject to this agreement. Such notification shall include a copy of this agreement; and

12       (c)    cooperate with respect to all reasonable procedures sought to be pursued by

13   the designating party whose confidential material may be affected.

14   8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

16   material to any person or in any circumstance not authorized under this agreement, the receiving

17   party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

18   (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

19   person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

20   and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

21   Bound" that is attached hereto as Exhibit A.

22   9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

23   MATERIAL

24       When a producing party gives notice to receiving parties that certain inadvertently

25   produced material is subject to a claim of privilege or other protection, the obligations of the

26

MODEL STIPULATED PROTECTIVE ORDER – 9
CASE NO. 2:25-CV-00442-JNW

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246

1  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2  is not intended to modify whatever procedure may be established in an e-discovery order or

3  agreement that provides for production without prior privilege review. The parties agree to the

4  entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5  10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

6          Within 60 days after the termination of this action, including all appeals, each receiving

7  party must return all confidential material to the producing party, including all copies, extracts and

8  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

9          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

10  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

11  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

12  product, even if such materials contain confidential material.

13         The confidentiality obligations imposed by this agreement shall remain in effect until a

14  designating party agrees otherwise in writing or a court orders otherwise.

15         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16         DATED: March 24, 2025              SIRIANNI YOUTZ
17                                            SPOONEMORE HAMBURGER PLLC

18                                            */s/ Eleanor Hamburger*
19                                            Daniel S. Gross (WSBA #23992)
                                              dgross@sylaw.com
20                                            Eleanor Hamburger (WSBA #26478)
                                              ehamburger@sylaw.com
21                                            3101 Western Avenue, Suite 350
                                              Seattle, WA  98121
22                                            Tel. (206) 223-0303; Fax (206) 223-0303
                                              *Attorneys for Petitioners*

23

24

25

26

MODEL STIPULATED PROTECTIVE ORDER – 10
CASE NO. 2:25-CV-00442-JNW

1

DATED: March 24, 2025                    CORR|DOWNS PLLC

2

*/s/ Joseph P. Corr (per email authorization)*

3
Joseph P. Corr, WSBA No. 36584
jcorr@corrdowns.com

4
100 W Harrison Street, Suite N440
Seattle, WA 98119

5
Telephone: 206.962.5040

6

DATED: March 24, 2025                    ROBINS KAPLAN LLP

7

*/s/ Erica D. Rosenbaum (per email authorization)*

8
Jeffrey S. Gleason (Admitted pro hac vice)
JGleason@robinskaplan.com

9
Jared J. Burns (Admitted pro hac vice)
JBurns@robinskaplan.com

10
Erica D. Rosenbaum (Admitted pro hac vice)
ERosenbaum@robinskaplan.com

11

12
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402

13
Telephone: (612) 349-8500
*Attorneys for Premera Blue Cross*

14

15

16

17

18

19

20

21

22

23

24

25

26

MODEL STIPULATED PROTECTIVE ORDER – 11
CASE NO. 2:25-CV-00442-JNW

1

**<u>ORDER</u>**

2

PURSUANT TO STIPULATION, IT IS SO ORDERED

3

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

4

documents, electronically stored information (ESI) or information, whether inadvertent or

5

otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

6

state proceeding, constitute a waiver by the producing party of any privilege applicable to those

7

documents, including the attorney-client privilege, attorney work-product protection, or any other

8

privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

9

protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

10

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

11

of documents, ESI or information (including metadata) for relevance, responsiveness and/or

12

segregation of privileged and/or protected information before production.  Information produced

13

in discovery that is protected as privileged or work product shall be immediately returned to the

14

producing party.

15

DATED: March 25, 2025.

16

17

18

Jamal N. Whitehead
United States District Judge

19

20

21

22

23

24

25

26

MODEL STIPULATED PROTECTIVE ORDER – 12
CASE NO. 2:25-CV-00442-JNW

1  Presented by:

2  SIRIANNI YOUTZ
   SPOONEMORE HAMBURGER PLLC
3

4  */s/ Eleanor Hamburger*
   Daniel S. Gross (WSBA #23992)
5  dgross@sylaw.com
   Eleanor Hamburger (WSBA #26478)
6  ehamburger@sylaw.com
   3101 Western Avenue, Suite 350
7  Seattle, WA  98121
   Tel. (206) 223-0303; Fax (206) 223-0303
8  *Attorneys for Petitioners*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MODEL STIPULATED PROTECTIVE ORDER – 13
CASE NO. 2:25-CV-00442-JNW

1    <u>EXHIBIT A</u>

2    <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in the

7    case of *Billing et al v. Premera Blue Cross*, Case No. 2:25-cv-00442-JNW. I agree to comply with

8    and to be bound by all the terms of this Stipulated Protective Order and I understand and

9    acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10   of contempt. I solemnly promise that I will not disclose in any manner any information or item

11   that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

12   with the provisions of this Order.

13   I further agree to submit to the jurisdiction of the United States District Court for the

14   Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16   Date:_____

17   City and State where sworn and signed:_____

18   Printed name:_____

19   Signature: _____

20

21

22

23

24

25

26

MODEL STIPULATED PROTECTIVE ORDER – 14
CASE NO. 2:25-CV-00442-JNW

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303 FAX (206) 223-0246