UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER BILLING, M.D.; and<br>TRANSFORM WEIGHT LOSS LLC,<br><br>     Petitioner,<br> v.<br><br>PREMERA BLUE CROSS,<br><br>     Respondent. | CASE NO. 2:25-cv-00442-JNW<br><br>ORDER DENYING PETITIONERS' MOTION TO REMAND |

  This matter comes before the Court on Petitioners' Motion to Remand (Dkt. 14). It arises from Petitioners' attempts to collect a billing allegedly due from Defendant.[1]

  Petitioners filed the state case in the Superior Court of King County, Washington, where they moved for collection of the alleged debt through state arbitration law (RCW 7.04A). Respondent removed the case to this United States District Court, and Petitioners have moved here to remand to the case to King County Superior Court.

---

[1] *See* Declaration of Josich Billing (Dkt. 15) for the background of the claimed debt.

ORDER DENYING PETITIONERS' MOTION TO REMAND - 1

1      Petitioners originally used the "No Surprises Act,"42 U.S.C. § 300gg-111-(C) *et seq* ("NSA") to assist them in collection efforts. When collection efforts were failing, Petitioners "initiated the 'No Surprises Act'" process.

      The NSA process does not involve - or even mention – arbitration, and covers an independent dispute resolution process.

      Petitioners followed the NSA procedures for independent resolution of the debt issue; they submitted a claim (Dkt. 15 at 10), then entered into a 30-day period of "open negotiations" which did not result in settlement (*Id.* at 12). Petitioners' acts attempted to be consistent with the NSA through payment requirements (42 U.S.C. §300gg-111(C)(6)). Petitioners then filed their state arbitration case, and Respondent removed this case to this court, and the Motion to Remand (Dkt. 14) followed. (*See* Petitioners' Motion and Application to Confirm Arbitration Awards and Enter Judgment) (March 12, 2025 – filed as part of an exhibit).

      Petitioners followed the NSA up to and through the point of seeking payment from Respondent under the NSA, then shifted gears to collect through the state law arbitration efforts.

      The Petitioners allege that the removal is improper because their claims only involve exclusively state law claims which are not removable. The Respondent disagrees and alleges that the claims at issue are federal in nature, and therefore removable. Respondent alleges that the questions at issue are "whether Petitioners' claims for services were subject to the NSA IDR [independent dispute resolution] process; whether the IDRE [independent dispute resolution entities] exceeded the scope of their authority in issuing the awards; and whether the NSA requires Premera to make payment in accordance with the awards." Dkt.21 at 6, lines 13-16. The crux of this removal dispute is whether those questions are federal in nature.

ORDER DENYING PETITIONERS' MOTION TO REMAND - 2

1    These issues meet the four requirements of the "substantial federal question" test:  See
2    *Coeur d'Alene Tribe v. Hawks,* 933 F.3d 1052, 1055 (9th Cir. 2019).  Are the issues "(1)
3    necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal
4    court without disrupting the federal -state balance approved by congress"?

5    Because Respondent alleges that they were not involved in any arbitration, the only basis
6    for collection of the alleged debit is the NSA language, which requires the Court to interpret the
7    NSA.  Without the NSA, Petitioners have no basis to collect the debt.  The matter is necessarily
8    raised from the filings before the Court.

9    The issues raised are actually disputed.

10   The issues are substantial because they relate to the applicability and enforcement of a
11   relatively new federal statute, and the relationship of collection efforts to the NSA's procedures
12   as here applied.

13   Resolution of issues presented will likely clarify State-Federal issues here, under the facts
14   to be determined at trial or in future motion practice.

15   The issues presented are federal.

16   To clarify the foregoing: Respondent used the NSA federal procedures to attempt to
17   collect the subject debt, relying on the federal NSA at all stages through NSA §300gg-111
18   (C)(6), "Timing of payment.'  It shifts its position by filing the state arbitration case under state
19   law (RCW 7.04A).  Petitioner confused procedures by referring to "arbitration" in its collection
20   efforts.  Where can Respondent go to clarify the stated remaining issues other than to the source
21   of Respondents' collection efforts?  That source is the NSA.  The issues are federal.

ORDER DENYING PETITIONERS' MOTION TO REMAND - 3

For the foregoing reasons, it appears that the subject removal was proper and the Motion to Remand (Dkt. 14) is hereby DENIED.[2]

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of July, 2025.

ROBERT J. BRYAN
United States District Judge

---

[2] Also, it appears ultimately reasonable for the state and federal claims and issues to be considered in a single forum, where state and federal law can both be considered.

ORDER DENYING PETITIONERS' MOTION TO REMAND - 4