1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER BILLING and TRANSFORM WEIGHT LOSS, LLC,<br><br>        Petitioners,<br><br>    v.<br><br>PREMERA BLUE CROSS,<br><br>        Respondent. | CASE NO. 2:25-cv-442-JNW<br><br>ORDER GRANTING PETITIONERS' MOTION FOR RECONSIDERATION |

## 1.  INTRODUCTION

This matter comes before the Court on Petitioners Peter Billing and Transform Weight Loss LLC's Motion for Reconsideration of Order Denying Motion to Remand. Dkt. No. 29. Having considered the Motion, Respondent Premera Blue Cross's Response, Dkt. No. 31, and all other supporting materials, the Court GRANTS the motion.

## 2.  BACKGROUND

The underlying dispute involves Petitioners' Motion and Application to Confirm Arbitration Awards and Enter Judgment. Dkt. No. 1-1[1]. Originally filed in King County Superior Court, Petitioners bring a single claim under the Washington Uniform Arbitration Act ("WUAA"), RCW 7.04A et seq., seeking judicial confirmation of three arbitration awards which were made in their favor by Independent Dispute Resolution ("IDR") entities following the procedures set forth in the federal No Suprises Act ("NSA"), 42 U.S.C. § 300gg-111-(C), *et seq.*

Respondent removed the dispute to federal court on March 12, 2025, on the basis that the complaint raised a significant question of federal law and was therefore subject to federal question jurisdiction under 28 U.S.C. § 1331. *See generally* Dkt. No. 1 (Notice of Removal). Petitioners timely moved to remand on the basis that their claim was limited to the WUAA and therefore did not implicate federal law. *See* Dkt. No. 14. The issue was fully briefed. *See* Dkt. Nos. 21, 23.

Following referral, the motion to remand was subsequently denied. *See* Dkt. No. 28 (Order Denying Petitioners' Motion to Remand (the "Order")). The Order found that "[t]he crux of th[e] removal dispute" to correspond with Respondent's allegations as to the scope, validity, and authority of the NSA IDR process. Order at 2. Using the "substantial federal question test," the Order denied the motion upon finding that the dispute presented a federal issue on the basis that because

---

[1] For purposes of this Order, the Court will refer to the Motion and Application as the "Complaint."

1    "Respondent allege[d] that they were not involved in any arbitration," the matter

2    would require an interpretation of the NSA, a federal law. *Id.* at 3.

3        Petitioners timely moved for reconsideration, Dkt. No. 29, and, upon request

4    from the Court, Respondent provided a response, *see* Dkt. Nos. 30–31.

### 3.    DISCUSSION

6        The Court notes at the outset that removal jurisdiction presents recurring

7    challenges, and reasonable jurists may reach different conclusions when applying

8    the well-pleaded complaint rule and its exceptions to novel and complex factual

9    circumstances. Having had the benefit of full briefing on reconsideration, this Court

10   respectfully concludes that remand is appropriate for the reasons explained below.

### 3.1    Legal standard.

12       Under Local Civil Rule 7(h), "[m]otions for reconsideration are disfavored."

13   LCR 7(h)(1). As the Rule explains, "[t]he court will ordinarily deny such motions in

14   the absence of a showing of manifest error in the prior ruling or a showing of new

15   facts or legal authority which could not have been brought to its attention earlier

16   with reasonable diligence." *Id.* "Whether ... to grant reconsideration is committed to

17   the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of*

18   *the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

19       Petitioners argue that the Order contains three manifest errors: (1) that the

20   Court failed to apply the well-pleaded complaint rule; (2) that the Court incorrectly

21   assumed federal jurisdiction based on Respondent's defenses; and (3) and that the

1    NSA process is considered an arbitration subject to the WUAA. Each of these errors,

2    Petitioners argue, warrant reconsideration, and are discussed below.

3    **3.2    The significant federal issues framework was properly considered.**

4        Petitioners argue that under the "well-pleaded complaint" rule, there is no

5    federal jurisdiction over this matter because the underlying complaint invokes state

6    law. Dkt. No. 29 at 3. Petitioners contend it was manifest error for the Court to

7    apply the "significant federal issues" test without first ensuring the well-pleaded

8    complaint rule was satisfied. *Id.* at 3–4.

9        Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions

10   "arising under" federal law. In most instances, removal based on § 1331 is governed

11   by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

12   (1987). Under this rule, the plaintiff is "the 'master of the claim'" and can generally

13   avoid federal jurisdiction if a federal question does not appear on the face of the

14   complaint. *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (quoting

15   *Caterpillar*, 482 U.S. at 392)).

16       But the Supreme Court has recognized a rare exception to the well-pleaded

17   complaint rule when "federal law is a necessary element of the [plaintiff's] claim for

18   relief." *Oakland*, 969 F.3d at 904 (citation modified). This "substantial federal

19   issues" exception allows for the exercise of federal question jurisdiction over a state

20   law claim when the "federal issue is: (1) necessarily raised, (2) actually disputed, (3)

21   substantial, and (4) capable of resolution in federal court without disrupting the

22   federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258

23

1    (2013); *see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S.

2    374, 382–83 (2016) (federal jurisdiction exists if the resolution of state-law claims

3    "rises or falls on the plaintiff's ability to prove the violation of a federal duty.").

4        The Ninth Circuit has expressly held that under the substantial federal

5    issues test, a state-law claim will present a justiciable federal question only if it

6    satisfies *both* the well-pleaded complaint rule and passes the 'implicates significant

7    federal issues' test." *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636

8    F.3d 538, 542 (9th Cir. 2011) (emphasis in original).

9        In either case, a "right or immunity created by the Constitution or laws of the

10   United States must be an element, and an essential one, of the plaintiff's cause of

11   action." *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1007 (9th Cir. 2021)

12   (quoting *Cal. Shock Trauma* , 636 F.3d at 541

13       The Court agrees with Petitioners that both tests must be satisfied as

14   threshold requirements for federal jurisdiction. But this Court finds the Order did

15   not commit manifest error by using the "significant federal issues" test in analyzing

16   whether Petitioners' claims were subject to federal question jurisdiction under §

17   1331. *See* Dkt. No. 28 at 3 (citing *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055

18   (9th Cir. 2019)). Despite this test being applicable only to "a special and small

19   category of cases," *Gunn*, 568 U.S. at 258 (citation modified), the Court properly

20   considered whether the exception applied here, *see, e.g., Lake*, 14 F.4th at 1006–07.

21

22

23

1

2

### 3.3    Federal jurisdiction cannot be sustained because the Order's analysis relied on Respondent's defenses.

Petitioners contend that the Order's jurisdictional analysis improperly relied on Respondent's defenses rather than on the face of the complaint. *See* Dkt. No. 29 at 3–4. Having reviewed the matter with the benefit of full briefing, this Court agrees that remand is warranted.

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court if the federal court would have original subject matter jurisdiction over the action. A motion to remand is the proper procedure for challenging removal. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

It is well-settled law that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)). That is, the complaint itself must either "arise under [the] federal law which creates the cause of action," or, as discussed above, "necessarily turn[ ] on some construction of federal law." *Id.* at 808 (citing *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Respondent contends that the federal questions identified in the Order are "raised on the face of Petitioners' pleading" because the Complaint describes the NSA IDR process, not merely anticipated defenses. Dkt. No. 31 at 3–4. This argument is unpersuasive. While Petitioners' Complaint describes the factual background of how the awards arose, the complaint cites only Washington law (RCW 7.04A.220 and .250) as the legal basis for relief and requests only state law remedies—confirmation of arbitration awards and entry of judgment. Describing factual circumstances that involve a federal statute does not transform a state law claim into a federal question. *See Merrell Dow Pharms. Inc.,* 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

The three "federal" questions Respondent identifies—whether the NSA applied, whether the IDREs had authority, whether payment is required—are not elements of Petitioners' state law confirmation claim. *See* Dkt. No. 31 at 3–4. Rather, they are challenges to the validity of the awards that should have been raised in a timely motion to vacate. The Order's jurisdictional analysis, however, treated these defensive challenges as though they established federal question jurisdiction. Three considerations support this conclusion.

First, Petitioners' well-pleaded complaint only seeks to enforce payment of the IDR award through the mechanism provided for in the WUAA. *See* Complaint at 6–9 (citing RCW 7.04A.220). Although the complaint details the Parties' participation in the NSA's IDR procedures, it does not invoke the NSA as the basis for relief and does not require an interpretation of the NSA to such an extent that

ORDER GRANTING PETITIONERS' MOTION FOR RECONSIDERATION - 7

1  would "disturb[ ] any congressionally approved balance of federal and state judicial

2  responsibilities." *Grable*, 545 U.S. at 314. The scope, validity, and authority of the

3  NSA were called into question only on removal. *See* Dkt. No. 1 ¶ 9. In other words,

4  any challenge to the NSA exists solely as to Respondent's defense to Petitioners'

5  action to collect the awards under state law. "[I]t is now settled law that a case may

6  *not* be removed to federal court on the basis of a federal defense, including the

7  defense of pre-emption, even if the defense is anticipated in the plaintiff's

8  complaint, and even if both parties concede that the federal defense is the only

9  question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in original). A

10  defense based on federal law cannot convey federal question jurisdiction over a

11  dispute sounding in state law. *Merrell Dow*, 478 U.S. at 808. This Court respectfully

12  concludes holding otherwise is inconsistent with settled precedent.

13          Respondent's analogy to the dispute in *Grable* is unavailing. Dkt. No. 31 at 4.

14  In *Grable*, the Supreme Court found that plaintiffs' state quiet title action

15  presented a significant federal question as to whether the IRS's failure to provide

16  plaintiff with adequate notice of seizure "in the exact manner required by [the

17  federal statute]" invalidated a subsequent quitclaim deed. 545 U.S. at 310–11.

18  Importantly, the *Grable* plaintiff—not the defendant—invoked the federal statute.

19  *Id.* The Court noted that federal jurisdiction was warranted because "the meaning

20  of the federal statute is actually in dispute," and "appeared to be the only legal or

21  factual issue contested in the case." *Id.* at 315.

22          Here, however, Petitioners' state law claim neither disputes the meaning of

23  the NSA, nor does it claim that the IDR awards should be enforced under the NSA.

ORDER GRANTING PETITIONERS' MOTION FOR RECONSIDERATION - 8

It only invokes the procedural elements of the NSA as the mechanism by which the arbitration award was procured; the NSA is not a necessary element. *Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021) ("mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim. . .") (quoting *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997)). As discussed above, the validity of the award and direct challenges to the NSA are only raised through Respondent's defenses and thus cannot be the basis for federal question jurisdiction.

Second, the Order's jurisdictional analysis improperly alleviated Respondent of its burden to establish federal jurisdiction. By adopting Respondent's unsupported allegation that it was "not involved in any arbitration," and thus not subject to the WUAA, the Order overlooked the well-settled requirement that the removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego*, 443 F.3d at 685. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Accepting Respondent's characterization without requiring them to meet their burden is inconsistent with these principles.

Third, even assuming there is a genuine dispute about whether the procedures established in the NSA constitute arbitration, that dispute does not turn on a federal issue. Whether the parties agreed to arbitrate is a question of state contract law, *see McKee v. AT&T Corp.*, 191 P.3d 845, 851 (Wash. 2008) ("When the

ORDER GRANTING PETITIONERS' MOTION FOR RECONSIDERATION - 9

validity of an agreement to arbitrate is challenged, courts apply ordinary state contract law"), and is left to the trial court, *see Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1030 (9th Cir. 2022). Whether the NSA process is considered arbitration is not "an important issue of federal law that sensibly belongs in a federal court." *Grable*, 545 U.S. at 315.

Accordingly, this Court finds that the Order committed manifest error by concluding that resolving this dispute required analysis of the federal statute.

## 4. CONCLUSION

Having carefully considered the parties' arguments and the applicable legal standards, and with the benefit of full briefing on these complex jurisdictional issues, the Court concludes that remand is appropriate. Thus, the Court GRANTS the Motion and REMANDS this action to King County Superior Court without imposing fees and costs.

Dated this 14th day of October, 2025.

Jamal N. Whitehead
United States District Judge